UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| EAST KENTUCKY POWER COOPERATIVE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 5:18-cv-00437-JMH |
| v. | ) ) | |
| AECOM TECHNICAL SERVICES, INC., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant/Third Party Plaintiff. | ) ) ) | |
| v. | ) ) ) | |
| WEDDLE ENTERPRISES, INC., | ) ) | |
| Third-Party Defendant, | ) ) | |
| and | ) ) | |
| CONSULTING SERVICES, INC., | ) ) | |
| Third-Party Defendant. | ) ) ) | |

\*\*\*

Third-Party Defendants Weddle Enterprises, Inc. ("Weddle") and Consulting Services, Inc. ("CSI") separately moved [DE 13, 22] to dismiss Defendant/Third-Party Plaintiff AECOM Technical Services, Inc.'s ("AECOM's") third-party complaint against them.

In the underlying dispute, Plaintiff, East Kentucky Power Cooperative, Inc.("EKPC,") alleges it made an agreement (the "Design Contract") with AECOM, under which AECOM would design and provide construction support services for an expansion of the

1

Spurlock Landfill, including design and development of construction plans for an external haul road. [DE 1-1]. While construction of the external haul road was on-going, a portion of the slope on which the road was constructed failed. [Id.].

As a result of the slope failure, EKPC brought several claims against AECOM, including breach of contract, breach of the covenant of good faith and fair dealing, breach of warranty, indemnity, misrepresentation, and professional negligence. [Id.]. AECOM has since filed suit against Weddle and CSI, seeking indemnity from Weddle and CSI for damages stemming from any liability that might accrue to AECOM as a result of an alleged slope failure. [DE 10].

CSI and Weddle now move to dismiss AECOM's third-party complaint, arguing that AECOM is not entitled to bring an indemnity claim against them pursuant to Federal Rule of Civil Procedure 14(a)(1), and that AECOM failed to state claim for indemnity under Kentucky common law. [DE 13; DE 22]. AECOM has responded to the CSI and Weddle's respective motions to dismiss. [DE 21; 23]. The third-party defendants have replied in support of their motion or the time for replies has otherwise expired. [DE 24]. As a result, this matter is ripe for review and consideration.

For the reasons that follow, CSI and Weddle's respective motions to dismiss [DE 13; DE 22] AECOM's third-party complaint [DE 10] are **GRANTED.**

## I. Procedural and Factual Background

EKPC owns and operates a power generation facility near Maysville, Kentucky, which is known as the Hugh L. Spurlock Generating Station ("Spurlock Power Plant"). [DE 1-1 at 1, PageID #6, ¶ 1]. In addition, EKPC owns and operates a landfill ("Spurlock Landfill") adjacent to the Spurlock Power Plant, which is used for the disposal of coal combustion residues produced at the Spurlock Power plant. [Id., PageID #6, ¶ 2].

On or around January 18, 2016, EKPC retained AECOM to provide design and construction support services for an expansion of the Spurlock Landfill known as the "Area, C, Phase 3 lateral expansion." [Id., PageID #6, ¶ 4]. On July 29, 2016, EKPC retained AECOM to provide a preliminary design for an external, permanent haul road (the "External Haul Road") to access the bottom of the Area C, Phase 3 cell construction. [Id. at 2, PageID #7, ¶ 5]. On August 17, 2016, EKPC requested AECOM proceed with the development of construction plans for the External Haul Road. [Id. at 2, PageID #7, ¶ 7]. On October 7, 2016, AECOM delivered plans for design for the External Haul Road. [Id. at 3, PageID #8, ¶ 14]. On October 14, 2016, AECOM provided EKPC with its proposal for the design of the External Haul Road. [Id.] On March 3, 2017, AECOM delivered to EKPC a set of design plans for the construction of the External Haul Road, marked "For Construction." [Id. at 3, PageID #8, ¶ 14].

AECOM alleges that, at some point, EKPC also entered contracts with Weddle and CSI. [DE 10]. The EKPC-Weddle contract allegedly required Weddle to acquire materials necessary for the External Haul Road and to construct the External Haul Road. [DE 10 at 2-3, PageID #77-8, ¶ 11]. AECOM also claims EKPC entered into a contract with CSI, requiring CSI to oversee, supervise, and manage the construction of the External Haul Road; to provide construction monitoring and conformance laboratory testing of the structural fill materials for the road; to report to EKPC; to prepare daily field reports and laboratory testing results; and to attend construction progress meetings. [DE 10 at 3, PageID #78, ¶ 12].

On March 10, 2017, while construction of the External Haul Road was still in progress, a portion of the slope on which the External Haul Road was being constructed failed (the "Slope Failure"), causing damage to, and loss of a portion of the External Haul Road. [Id. at 3, PageID #8, ¶ 16]. Following the Slope Failure, EKPC retained CSI to conduct an evaluation of the Slope Failure and to determine the cause of the failure. [Id. at 3, PageID #8, ¶ 17]. CSI then issued a 19-page report regarding the Slope Failure. [Id. at 3-4, PageID #8-9, ¶ 19.]

On June 7, 2018, EKPC filed this action in Clark Circuit Court, Division I, bringing several claims against AECOM, including breach of contract, breach of the covenant of good faith and fair dealing, breach of warranty, indemnity,

misrepresentation, and professional negligence. [DE 1-1]. AECOM then removed the action to this Court, based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [DE 1].

AECOM then filed a third-party complaint seeking indemnity from Weddle and CSI for damages stemming from any liability that might accrue to AECOM as a result of an alleged slope failure, and further seeks apportionment to the extent of Weddle and CSI's fault for the Slope Failure. [DE 10]. CSI and Weddle now move to dismiss AECOM's third-party complaint, arguing that AECOM is not entitled to bring an indemnity claim against them pursuant to Federal Rule of Civil Procedure 14(a)(1), and that, in any event, AECOM failed to state claim for indemnity under Kentucky common law. [DE 13 at 1; DE 22-1].

CSI and Weddle now move to dismiss AECOM's third-party complaint, arguing that AECOM is not entitled to bring an indemnity claim against them pursuant to Federal Rule of Civil Procedure 14(a)(1), and that AECOM failed to state claim for indemnity under Kentucky common law. [DE 13 at 1; DE 22-1]. In response, AECOM asserts that it has stated a valid claim for indemnity under Kentucky law, arguing that "...any damage caused to [EKPC] by the slope failure was exclusively and entirely caused by the negligent actions or inactions of CSA (and Weddle)." [DE 21, PageID #173; Doc. 23, PageID #183]. AECOM further argues that CSI and Weddle

"should be brought into this case so that AECOM may preserve its right to apportion fault to CSI [and Weddle] at trial." [DE 21, PageID 174, Doc. 23, PageID #183].

## II. Standard of Review

When sitting in diversity, a federal court applies the substantive law of the state in which it sits. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001)(citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).

In ruling on Weddle's and CSI's respective Rule 12(b)(6) motions to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati*, 521 F2d 555, 559 (6th Cir. 2008). The Court is not bound to accept as true "recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

III. Analysis

CSI argues that AECOM's impleading third-party complaint [DE 10] is inappropriate under Fed. R. Civ. P. 14(a)(1). [DE 13-2 at 6-9, PageID #149-152; DE 24 at 1-4, PageID #185-188]. CSI and Weddle further argue they are entitled to dismissal of the third-party complaint for because AECOM failed to state claim for indemnity under Kentucky common law. [DE 13 at 1; DE 22-1].

**A. Impleader is Inappropriate under Fed. R. Civ. P. 14(a)(1).**

CSI argues that AECOM's impleading third-party complaint [DE 10] is inappropriate under Fed. R. Civ. P. 14(a)(1). The language of Fed. R. Civ. P. 14(a)(1) provides, in relevant part, that a defending party may, as third-party plaintiff, "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Although AECOM does not directly respond to CSI's argument on this issue, the Court will address it here. [DE 21 at 3-6, PageID #172-174].

This Court has held that "[F]or a third-party claim to be properly before the Court, '[t]he third-party defendant's liability must be (1) owed to the impleading party; (2) based on the underlying claim against the impleading party; and (3) derivative of the impleading party's liability." *State Automobile Ins. Co. v. Burrell*, Civ. Action No. 17-cv-300, 2018 WL 2024617, *2 (E.D. Ky. May 1, 2018) (internal citation omitted). As a result, "if the third-party plaintiff claims that 'it was him, not

me,' then impleader is inappropriate." *Id*. (internal citations and quotations omitted).

Here, the AECOM alleges that CSI and Weddle were negligent and breached their respective contracts with EKPC – not AECOM. [DE 10 at 3-6, PageID #78-81]. Even if true, CSI and Weddle's liability would be to EKPC not AECOM. Nor would such liability be derivative of AECOM's alleged breach of its own contract with EKPC.

Moreover, AECOM alleges the very "him, not me" claims that this Court has held are inappropriate under Fed. R. Civ. P. 14(a)(1). *See Burrell*, Civ. Action No. 17-cv-300, 2018 WL 2024617, *2 (E.D. Ky. May 1, 2018) (internal citation omitted). AECOM's allegations expressly state "...any damage caused to [EKPC] by the slope failure was exclusively and entirely caused by the negligent actions or inactions of CSI (and Weddle)." [DE 21, PageID #173; Doc. 23, PageID #183]. Finally, AECOM all but admits that impleading third-party defendants for state law indemnity claims is inappropriate. [DE 21 at 5, PageID #174 (citing *State Automobile Ins. Co. v. Burrell*, 17-cv-300, 2018 WL 2024617 (E.D. Ky. May 1, 2018)]. As such, AECOM's impleader of CSI and Weddle are inappropriate under Fed. R. Civ. P. 14(a)(1) under this Court's test in *Burrell*. For this reason, AECOM's claims against CSI and Weddle cannot be brought in a third-party complaint under Fed. R. Civ. P. 14(a)(1).

**B.  AECOM Failed to State a Common Law Indemnity Claim.**

Next, CSI and Weddle argue that AECOM failed to state claim for indemnity under Kentucky common law. [DE 13 at 1; DE 22-1]. In particular, CSI notes that AECOM's Third-Party complaint alleges that CSI's construction errors – rather than AECOM's breach of contract/negligent design – caused EKPC's loss. Such allegations, CSI contends, cannot "...form the basis for a viable common law indemnity claim in Kentucky." [DE 13-2 at 9, PageID #152]. In response, AECOM asserts that such allegations can and do state a valid claim for indemnity under Kentucky law. [DE 21, PageID #173; Doc. 23, PageID #183]. CSI and Weddle are correct and thus their respective motions must be granted.

"Indemnity...'is simply the repayment to one party by another party who caused the loss, of such amounts the first party was compelled to pay." *Hall v. MLS Nat. Medical Evaluations, Inc.*, Civil Action No. 05-185, 2007 WL 1385943 (E.D. Ky. May 8, 2007) (quoting *Liberty Mut. Ins. Co. v. Louisville & Nashville R.R. Co.*, 455 S.W.2d 537, 541 (Ky. 1970)).  In Kentucky, cases allowing recovery based on indemnity principles "are 'exceptions to the general rule, and are based on principles of equity.'" *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 778 (Ky. 2000) (quoting *Louisville Ry. Co. v. Louisville Taxicab and Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)); *see also Thompson v. The Budd Co.*, 199

F.3d 799, 806 (6th Cir. 1999)(analyzing *Crime Fighters Patrol v. Hiles,* 740 S.W. 2d 936 (Ky. 1987).

Under Kentucky law, indemnity is available it two types of situations:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not the same fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury

*Degener*, 27 S.W.3d at 780 (quoting *Louisville Ry. Co. v. Louisville Taxicab and Transfer Co.*, 77 S.W.2d 36, 39 (1934)).

AECOM argues that the second scenario is present here, and, thus, indemnity is appropriate. [DE 21, PageID #173]. However, in such cases, indemnity is only "available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener,* 27 S.W.3d at 778; *see also, in pari delicto, Black's Law Dictionary* (7th ed. 1999) (meaning "in equal fault"). This case does not fit in the second class of cases because AECOM was not exposed to liability for its passive negligence as a result of CSI and Weddle's active negligence. *See ISP Chemicals LLC v. Duchland, Inc.*, 771 F.Supp. 2d 747, 751 (W.D.Ky. 2011).

In the instant case, AECOM's allegations demonstrate that it is claiming CSI and Weddle were *in pari delicto*. In particular,

10

AECOM alleges that any damage caused to EKPC by the slope failure was exclusively and entirely caused by the negligent actions of CSI and Weddle and that their allegedly negligent actions or omissions are the *primary and efficient* cause of any damages sustained by EKPC. [Id. (emphasis added)]. In fact, AECOM's allegations expressly state "...any damage caused to [EKPC] by the slope failure was *exclusively and entirely* caused by the negligent actions or inactions of CSI (and Weddle)." [DE 21, PageID #173 (emphasis added); Doc. 23, PageID #183 (emphasis added)]. AECOM further states that to the extent that it may also be at fault for the slope failure "it is not the same degree of fault as that of CSI and Weddle." [Id.].

Because AECOM alleges that CSI and Weddle's negligence were the primary, efficient, and exclusive cause of EKPC's damage, this is not a case involving alleged primary (active) and secondary (passive) negligence. As such, this is not an indemnity case. *See ISP Chemicals LLC*, 771 F.Supp. 2d at 751. Accordingly, AECOM has failed to state a claim for common law indemnity. Thus, the Court must grant Weddle and CSI's respective motions to dismiss.

**C. Although an Apportionment Instruction May Be Appropriate at Trial, CSI and Weddle need not Remain a Party in this Action.**

Weddle argues that the Third-Party Complaint be dismissed subject to apportionment. [DE 22-1 at 2, PageID #179]. CSI takes "...no position on whether AECOM is entitled to an apportionment

11

instruction in this case[,]" but contends that dismissal should be with prejudice. [DE 24 at 3, PageID # 187].

This Court has held that "[u]nder Kentucky law, 'apportionment' is not a 'claim in and of itself.'" *Griffin v. Honeywell Intern., Inc.,* Civil Action No. 2014 WL 6455209, at *4 (E.D. Ky. Nov. 13, 2014) (quoting *Burton v. HO Sports Co.,* 2009 WL 1390832, at *2 (W.D. Ky. May 14, 2009)(internal citations omitted)). Accordingly, AECOM may not state a claim for "apportionment" against CSI and Weddle, although it may still be entitled to an apportionment instruction.

AECOM argues that because Weddle and CSI allegedly caused the slope failure, which forms the basis of the lawsuit between EKPC and AECOM, CSI and Weddle "should be brought into this case so that AECOM may preserve its right to apportion fault to CSI [and Weddle] at trial." [DE 21, PageID 174, Doc. 23, PageID #183]. This Court's practice in applying Kentucky law is to permit the third-party plaintiff to preserve an apportionment instruction by "bringing the alleged wrongdoer into the case by a third party complaint only to then have it dismissed." *State Automobile Ins. Co. v. Burrell*, Civ. Action No. 17-cv-300, 2018 WL 2024617, *4 (E.D. Ky. May 1, 2018) (internal citation omitted). Accordingly, while AECOM may be entitled to apportionment, neither Weddle nor CSI need remain parties to the action in order for fault to be apportioned, and therefore CSI and Weddle may be dismissed. *See*

*Dix. & Assoc. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 28-29 (Ky. 1990); *see also*, *Adams v. J.B. Hunt. Transp., Inc.*, 130 F.3d 219, 228 (6th Cir. 1997). As such, we grant Weddle and CSI's respective motions to dismiss the third-party complaint.

## IV. Conclusion

The third-party Complaint fails to state a claim upon which relief can be granted. Accordingly, **IT IS HEREBY ORDERED** that the of third-party Defendants' respective Motions to Dismiss the Third Party Complaint [DE 13; DE 22] be **GRANTED.**

**IT IS FURTHER ORDERED** that all claims alleged herein against CSI and Weddle are **DISMISSED WITH PREJUDICE**.

This the 6th day of May, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge